KNEPPER, J.
I respectfully dissent. While it is arguable that evidence of a prior assault between the same two individuals is relevant when the victim later assaults the aggressor and claims self-defense, I would find that the trial court's decision in this case not to admit such evidence does not rise to the level of an abuse of discretion. InHolbrook, cited in the majority opinion, the first altercation between the parties occurred only one year before the second. In the case before us, four years passed between the first and second assaults, significantly diminishing any relevance of the first incident to the second. The trial court is given broad discretion in determining what evidence is or is not admissible. It is arguable that bringing up the details of the prior assault would not have been helpful to the jury in determining who was the aggressor in the second assault. For those reasons, I would find that the trial court's decision not to admit the evidence was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion.